UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACK ADAM MCCLAIN,

    Plaintiff,

v.

MICHAEL J. MAIN, et. al.,

    Defendants,
_____/

Case No. 20-12420

Stephanie Dawkins Davis
U.S. District Court Judge

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff is an inmate currently confined at the Bay County Correctional Facility in Bay City, Michigan, although when he filed his civil rights complaint, he was incarcerated at the Isabella County Correctional Facility in Mount Pleasant, Michigan. For the reasons that follow, the complaint is **DISMISSED WITHOUT PREJUDICE**.

On September 11, 2020, Magistrate Judge R. Steven Whalen signed an order of deficiency. The order required plaintiff to provide an application to proceed without prepayment of fees and costs, an authorization to withdraw from his trust fund account, a signed certification of his prison trust account from an authorized prison official, and a current computerized trust fund account showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months; the order alternatively allowed plaintiff to pay the $350.00 filing

1

fee, plus the $ 50.00 administrative fee, in full. Plaintiff was given 30 days to comply with the order. To date, plaintiff has not paid the filing fee nor supplied the requested documentation. Plaintiff did send a Notice of Change of Address to this Court dated October 4, 2020, in which he indicates that he has been moved to the Bay County Correctional Facility and that his lawsuit challenging the conditions of confinement at the Isabella County Correctional Facility is now moot in light of his transfer. Plaintiff asks whether he can "appeal" the order of deficiency in light of the mootness of his complaint. (ECF No. 4).

Title 28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605. If the inmate fails to comply with the district

court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.*

The Court will dismiss the complaint for want of prosecution, because of plaintiff's failure to comply with Magistrate Judge Whalen's deficiency order by failing to timely pay the filing fee or to provide the requested documentation needed to proceed *in forma pauperis*. *See e.g. Erby v. Kula*, 113 Fed. Appx. 74, 75-76 (6th Cir. 2004).

The Court dismisses the complaint for a second reason. It appears from the Notice of Change of Address that plaintiff is conceding that his lawsuit challenging the conditions of confinement involving the Isabella County Correctional Facility is moot now that he has been transferred away from the facility. Plaintiff appears to be requesting a voluntary dismissal of his complaint.

To the extent that plaintiff seeks to voluntarily dismiss his complaint, the request is granted. Fed.R.Civ.P. 41(a) provides that a plaintiff may dismiss an action without order of court by filing a notice of dismissal before service by the adverse party of an answer or motion for summary judgment. *See also Doran v. McGinnis*, 158 F.R.D. 383, 389 (E.D. Mich. 1994). Plaintiff is entitled to a voluntary dismissal of his civil rights complaint, in light of the fact that the

defendants have not filed an answer to the complaint or motions to dismiss or for summary judgment. *Id.*

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Alternatively, the complaint is **DISMISSED WITHOUT PREJUDICE** based on plaintiff's request to dismiss the complaint. To the extent that plaintiff did not wish to voluntarily dismiss his complaint, nothing in this order precludes plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

**IT IS SO ORDERED**.

Dated: December 8, 2020               s/Stephanie Dawkins Davis
                                      Stephanie Dawkins Davis
                                      United States District Judge